RICHARD C. EYMANN
Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARSHA ROARK, a Washington resident.<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, L.L.C., a Foreign Liability Corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff, MARSHA ROARK, by and through her undersigned counsel, for her claims against Defendants, BRIDGESTONE AMERICAS TIRE OPERATIONS, L.L.C., states and alleges as follows:

## I. PARTIES

1. At all times material hereto, Plaintiff, MARSHA ROARK, was and is a resident of Spokane County, Washington and is otherwise *sui juris*.

2. At all times material hereto, Defendant, BRIDGESTONE AMERICAS TIRE OPERATIONS, L.L.C (hereinafter referred to as BRIDGESTONE), is a Delaware corporation with its principal place of business in the State of Tennessee located at 200 4th Avenue South, Suite 100, Nashville, TN 37201 which is authorized and operating its business in the State of Washington and has an agent or other representative in the State of Washington. Additionally, the Defendant, BRIDGESTONE, is engaged in the business of designing, manufacturing, distributing and/or selling tires, including a certain **FUZION TOURING P185/65 R14 86T,** bearing **DOT NUMBER IEEH CA1 2813**, herein after referred to as the "Subject Tire".

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1332 as there is complete diversity between the plaintiff and the defendant. This Court has pendent jurisdiction over the state law claims. This is an action for damages in excess of SEVENTY-FIVE THOUSAND

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 2

**Eymann Allison Jones P.S.**
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

DOLLARS ($75,000.00), exclusive of costs and interests.  Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. §1391.

### III.  STATEMENT OF FACTS

4. Prior to June 20, 2017, the Defendant, BRIDGESTONE, designed, manufactured, sold and/or placed the Subject Tire into the stream of commerce.

5. On or about June 20, 2017, the Plaintiff, MARSHA ROARK, purchased a certain 2001 Dodge Neon bearing Vehicle Identification Number (VIN) 1B3ES46C31D182944, hereinafter referred to as the Subject Vehicle, from Rikki Bobbi Auto Sales upon which four (4) Fuzion Touring P185/65R14 tires, including the Subject Tire, were mounted on the Subject Vehicle.  At the time of the Subject Vehicle was purchased, the Subject Tire was mounted on the driver's (left) front wheel position.

6. On the afternoon of June 25, 2017, Plaintiff, MARSHA ROARK, was operating the Subject Vehicle, upon which the Subject Tire was mounted on the driver's (left) front wheel position, on Pine City Malden Road in Whitman County, Washington.  At said time and place, the integrity of the Subject Tire failed and the tread and outer steel belt of the Subject Tire separated from the tire, which caused the Subject Vehicle to become unstable, swerve and rotate counter-clockwise leaving the subject roadway and rolling over before coming to final rest.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 3

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

7. As a direct and proximate result of the tire failure and vehicle rollover, the Plaintiff, MARSHA ROARK, suffered serious and permanent injuries more fully described herein.

## IV.  FIRST CAUSE OF ACTION
### Violation of Washington State Products Liability Act

8. Plaintiff hereby realleges and incorporates each and every allegation as set forth in paragraphs 1 through 7 herein.

9. Defendant BRIDGESTONE is liable to Plaintiff, pursuant to the Washington State Products Liability Law, RCW 7.72, et seq., for manufacturing a product unreasonably dangerous as designed and by failing to issue adequate warnings or instructions.  At the time of its manufacture, and up to the date of the incident in this case, the Subject Tire was unsafe to an extent beyond that which would be contemplated by the ordinary consumer or user.

10. Defendant BRIDGESTONE is liable pursuant to the Washington State Products Liability Law, RCW 7.72, et seq., for manufacturing the Subject Tire involved in this incident as it knew at the time of its design and later as it received consumer's feedback, concerns and complaints of loss of control of vehicles.  Specifically, Defendant, BRIDGESTONE, knew the design of the Subject Tire was defective and unreasonably dangerous because it did not incorporate available features to resist initiation and growth of separation between

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 4

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

the tire's internal components.  The design of the Subject Tire was defective by design in that it did not incorporate internal components with requisite fatigue resistance to counter the constant centrifugal force incurred in normal and foreseeable operation.  The Subject Tire was defective by design in that the skim stock rubber was defectively designed.  Moreover, the skim stock was defective in that it prevented bonding between the internal components, thus allowing for unintended movement between the steel belts.  Furthermore, the design of the Subject Tire failed to incorporate a nylon cap ply and/or adequate belt wedge, which would have reduced the propensity for a tread-belt separation.

11. Defendant BRIDGESTONE is additionally liable to plaintiff for its failures and lack of compliance with RCW 7.72.030(1)(c) which states:

> A product is not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured where a manufacturer learned or where a reasonable prudent manufacturer should have learned about a danger connected with the product after it was manufactured.  In such a case, the manufacturer is under a duty to act with regard to issuing warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances.  This duty is satisfied if the manufacturer exercises reasonable care to inform product users.

Defendants failed to exercise reasonable care to inform product users of defects in the Subject Tire learned after it was manufactured.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 5

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

12. The defective and unreasonably dangerous condition of the Subject Tire in one or more of the foregoing ways, was a substantial factor in causing Plaintiff MARSHA ROARK to suffer serious and permanent injuries as a direct and proximate result of the tire failure and vehicle rollover, which she will continue to suffer in the future.

13. Because of the above injuries, Plaintiff MARSHA ROARK has required medical care, and she will continue to require medical care and services in the future, all in amounts to be determined at the time of trial.

## V. SECOND CAUSE OF ACTION
### Strict Liability

14. Plaintiff readopts and re-alleges Paragraphs 1 through 13, as fully as if said paragraphs were restated herein.

15. At all times material hereto, the Defendant, BRIDGESTONE, designed, manufactured, marketed, and placed into the stream of commerce the Subject Tire in a defective condition and was substantially unchanged from the time it was placed into the stream of commerce.

16. Plaintiff, MARSHA ROARK, alleges the Subject Tire was unreasonably dangerous when it left the possession of the Defendant, BRIDGESTONE. The Defendant, BRIDGESTONE, defectively designed, marketed and manufactured the Subject Tire, which rendered it unreasonably

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 6

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

dangerous for its intended and foreseeable use. The failure of the Subject Tire was a producing and proximate cause of the loss of control of the Subject Vehicle and the permanent injuries to the Plaintiff, MARSHA ROARK. This action is therefore brought under Sections 402(A) and 402(B) of the Restatement of Torts, Second.

17. The design of the Subject Tire was defective and unreasonably dangerous because it did not incorporate available features to resist initiation and growth of separation between the tire's internal components. The design of the Subject Tire was defective by design in that it did not incorporate internal components with requisite fatigue resistance to counter the constant centrifugal force incurred in normal and foreseeable operation. The Subject Tire was defective by design in that the skim stock rubber was defectively designed. Moreover, the skim stock was defective in that it prevented bonding between the internal components, thus allowing for unintended movement between the steel belts. Furthermore, the design of the Subject Tire failed to incorporate a nylon cap ply and/or adequate belt wedge, which would have reduced the propensity for a tread-belt separation.

18. As a result of the defective design of the Subject Tire including, but not limited to, the above identified defects, its tread and steel belt(s) could and did unexpectedly separate during the normal and foreseeable operation of the Subject

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 7

Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

Vehicle and Subject Tire. This propensity to suddenly and violently lose the tread-belt under normal and foreseeable conditions will cause the person operating the vehicle to lose total control, thus producing a catastrophic incident as is at issue in this Civil Action. Comparing the utility versus risk of harm, the Subject Tire as sold by the Defendant, BRIDGESTONE, was defective and unreasonably dangerous with regard to design. At the time the Subject Tire left the Defendant, BRIDGESTONE, control, there were safer alternative designs that would have prevented the permanent injuries of the Plaintiff, MARSHA ROARK. Such safer alternative designs would not have materially impaired the utility of the Subject Tire. Moreover, these alternative designs were economically and technologically feasible.

19. The Plaintiff, MARSHA ROARK, alleges that the Subject Tire was manufactured defectively in that it would lose its tread-belt under normal and foreseeable operating conditions. The Subject Tire was manufactured defectively in that the Subject Tire did not achieve full adhesion between its internal components. The manufacturing defect was a producing and proximate cause of the permanent injuries to the Plaintiff, MARSHA ROARK.

20. The Defendant, BRIDGESTONE, defectively marketed the Subject Tire. Defendant, BRIDGESTONE, failed to give adequate warnings of the Subject

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 8

Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

Tire's dangerous propensities. These dangers include, but are not limited to, the Subject Tire's propensity for tread-belt separation under normal and foreseeable operation and the dangers associated. This failure to warn and/or give adequate instructions rendered the Subject Tire unreasonably dangerous as marketed by Defendants. The marketing defects were a producing and proximate cause of this incident and the permanent injuries to the Plaintiff, MARSHA ROARK.

21. The Subject Tire was unreasonably dangerous and defective because of its design characteristics, lack of sufficient warnings, use of inappropriate materials, propensity to permit a separation between its component parts and the tire, manufacturing defects and/or processing defects.

22. The Subject Tire was not reasonably safe as designed at the time of manufacture because the likelihood that the defect in the Subject Tire which caused the tread to separate from the tire would cause injury to drivers of the vehicles similar to those in this case, and the seriousness and likelihood of injury outweighed the burden on the Defendant to design and manufacture a tire that would have prevented its component parts from separating and the tire suddenly and unexpectedly failing resulting in the loss of control of a vehicle.

23. The defects of design, manufacture, construction and lack of warnings alleged above failed to meet the specifications for the Subject Tire and rendered

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 9

Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

the Subject Tire unsafe to an extent beyond that which would be contemplated by an ordinary consumer, and therefore, rendered the Defendant, BRIDGESTONE, strictly liable for the permanent injuries suffered by the Plaintiff, MARSHA ROARK.

24. As a direct and proximate result of the Defendant, BRIDGESTONE, negligence, the Plaintiff, MARSHA ROARK, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and/or loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer such losses in the future.

### VI. THIRD CAUSE OF ACTION
### Negligence

25. Plaintiff readopts and re-alleges Paragraphs 1 through 24, as fully as if said paragraphs were restated herein.

26. At all times material hereto, the Defendant, BRIDGESTONE, owed the Plaintiff, MARSHA ROARK, the duty to design, manufacture, assemble, supply and/or market their tires, including the Subject Tire, in such a manner and with the exercise of reasonable care, in a reasonably safe condition for use by the ordinary and reasonably prudent consumer and user.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 10

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

27. At all times material hereto, the Defendant, BRIDGESTONE, had a duty to warn consumers or intended users of the subject tire of defects which it knew or should have known, in the exercise of ordinary care, existed in the Subject Tire and which defects rendered the Subject Tire unreasonably dangerous to use.

28. The Defendant, BRIDGESTONE, breached its duty in various ways including, but not limited to, one or more of the following negligent acts:

 a. Negligently designed and/or manufactured the Subject Tire in a manner that the Subject Tire's component parts could come apart and separate leading to a catastrophic failure including, but not limited to, designing and/or manufacturing the Subject Tire with a defect which resulted in the lack of a permanent and/or adequate bond among the Subject Tire's component parts resulting in the Subject Tire's propensity to separate and otherwise catastrophically fail;

 b. Negligently designed the Subject Tire without practical and alternative feasible design features including, but not limited to, the use of nylon reinforcement which would have prevented the Subject Tires tread separation and the subject crash;

 c. Negligently failed to make reasonable tests and/or inspections of the Subject Tire to discover the defects in design and/or manufacture

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 11

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

including, but not limited to, the lack of a permanent and/or adequate bond among the Subject Tire's component parts resulting in the Subject Tire's propensity to separate and otherwise catastrophically fail;

      d.    Negligently failed to provide reasonable and adequate warning to suppliers, consumers and users, including the Plaintiff, MARSHA ROARK, that the Subject Tire's failure could lead to a loss of vehicle control;

      e.    Negligently failed to provide reasonable and adequate warnings to suppliers, consumers and users that the Subject Tire's failure could result in the disintegration of the structural integrity of the Subject Tire; and

      f.    Failing to manufacture the Subject Tire with properly bonded components so that the integrity of the Subject Tire would be maintained through the life of the Subject Tire during ordinary use.

29.    At all times material, the Defendant, BRIDGESTONE, knew or should have known that exposing users to the dangerous, defective and hazardous conditions relating to the Subject Tire's propensity to separate and/or otherwise fail would give rise to serious bodily injuries to such users, including the Plaintiff, MARSHA ROARK.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 12

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

30. At all times material hereto, the dangerous, hazardous and defective conditions described above in connection with the Subject Tire's tread to separate and/or detach from the tire were latent, and were not obvious to or discoverable by an ordinary and reasonably prudent consumer or user including the Plaintiff, MARSHA ROARK.

31. At the time of the subject incident, the Subject Tire was being used by the Plaintiff, MARSHA ROARK, for the purpose the Subject Tire was manufactured and intended for.

32. As a direct and proximate result of the Defendant, BRIDGESTONE, negligence, the Plaintiff, MARSHA ROARK, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and/or loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer such losses in the future.

### VII. FOURTH CAUSE OF ACTION
**Breach of Express Warranty**

33. Plaintiff readopts and re-alleges Paragraphs 1 through 32, as fully as if said paragraphs were restated herein.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 13

Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

34. The Defendant, BRIDGESTONE, sold and/or placed the Subject Tire into the stream of commerce with an express warranty that when the Subject Tire was properly cared for and maintained, it would not suddenly and unexpectedly separate and/or de-tread.

35. At the time of the subject incident, the Subject Tire was not over–loaded and had minimal wear and yet, failed by separating and/or de-treading.

36. Such failure was the proximate cause of the subject incident and the permanent injuries suffered by the Plaintiff, MARSHA ROARK.

37. As a direct and proximate result of the Defendant, BRIDGESTONE, breach of express warranty, the Plaintiff, MARSHA ROARK, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and/or loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer such losses in the future.

### VIII. FIFTH CAUSE OF ACTION
**Breach of Implied Warranty**

38. Plaintiff readopts and re-alleges Paragraphs 1 through 37, as fully as if said paragraphs were restated herein.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 14

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

39. The Defendant, BRIDGESTONE, sold the Subject Tire which was unfit for merchantability.

40. The Defendant, BRIDGESTONE, impliedly warranted that the Subject Tire was fit for its intended, foreseeable, and ordinary purpose and as such was merchantable.

41. At all times material hereto, the Subject Tire was not fit for its intended, foreseeable, and ordinary purpose and was thus not merchantable. The Subject Tire was unreasonably dangerous because of its defects in design and manufacture.

42. The Defendant, BRIDGESTONE, had actual knowledge, or exercising reasonable care should have known that the Subject Tire was unmerchantable and unfit for its intended, foreseeable and ordinary purpose because of its propensity to lose its tread-belt.

43. The Defendant, BRIDGESTONE, knowledge of the defective propensities of the failed tire constitutes a material breach of implied warranty.

44. As a direct and proximate result of the Defendant, BRIDGESTONE, breach of implied warranty, the Plaintiff, MARSHA ROARK, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 15

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

nursing care and treatment, loss of earnings and/or loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer such losses in the future.

## IX.   DAMAGES

45.    As a direct and proximate result of the breaches, misrepresentations and negligence of defendants, plaintiff MARSHA ROARK has sustained general and special damages including past and future medical expenses, future economic loss, lost earning capacity, out-of-pocket expenses, pain and suffering, emotional distress, disability, disfigurement, mental anguish and loss of enjoyment of life, all in amounts to be proven at trial.

## X.   JURY DEMAND

46.    A jury trial is requested.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant for general and special damages as follows:

1.    For general and other damages, including damages for pain and suffering, disability, disfigurement, mental anguish, anxiety and loss of enjoyment of life, and aggravation of previously existing condition, all in amounts to be proven at the time of trial;

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 16

**E**YMANN **A**LLISON **J**ONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

2. For special damages including, but not limited to, past and future medical expenses, future economic loss, lost earning capacity, out-of-pocket expenses and such other special damages, all in amounts to be proven at the time of trial;

3. For prejudgment interest;

4. For plaintiff's costs and disbursements incurred herein; and

5. For such other and further relief, including punitive and/or exemplary damages as permitted by law (i.e. if the law changes) and/or the Court as the Court may deem just and equitable.

DATED this 6th day of February, 2020.

**EYMANN ALLISON JONES P.S.**

BY  s/Richard C. Eymann
    RICHARD C. EYMANN, WSBA #7470
    eymann@eahjlaw.com
2208 West Second Avenue
Spokane, WA  99201
Tel. 509-747-0101

-AND-

ERNESTO L. SANTOS, JR., *Pro Hac Vice Pending*
ernesto@hsptrial.com
JAY HALPERN, *Pro Hac Vice Pending*
jay@hsptrial.com
**HALPERN | SANTOS | PINKERT**
150 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
Tel. 305-445-1111

**Attorneys** *for Plaintiff*

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 17

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax