UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARSHA ROARK, a Washington resident.<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, L.L.C., a Foreign Liability Corporation, SHANDONG YONGSHENG RUBBER CO., LTD, a Foreign Corporation BRIDGESTONE RETAIL OPERATIONS, L.L.C., a Foreign Liability Corporation;, DEL-NAT TIRE CORPORATION, A Foreign Corporation; DEL-NAT IMPORT EXPORT COMPANY, A Foreign Corporation; TBC CORPORATION d/b/a TBC-TIRE AND BATTERY CORP., A FOREIGN CORPORATION and ITG VOMA CORP., A Foreign Corporation,<br><br>Defendants. | No. 2:20-CV-0053-TOR<br><br>PROTECTIVE ORDER |

**THIS MATTER** came on for hearing without oral argument before the above-entitled Court on the Stipulated Motion for Protective Order (ECF No. 43) presented to the Court, through counsel for Plaintiff, Marsha Roark, ("Plaintiff"),

Bridgestone Americas Tire Operations, LLC ("BATO"), Shandong Yongsheng Rubber Co., LTD. ("Shandong"), and ITG Voma Corp. ("ITG Voma). After reviewing the files and records herein, and the Court having been fully advised, the Court finds as follow:

**WHEREAS**, the Parties, having stipulated to and having moved the Court to enter this Order to expedite the production of discovery materials, facilitate the prompt resolution of disputes over the confidentiality of discovery materials, protect against disclosure of confidential and proprietary information; and

**WHEREAS**, the Court finds that good cause exists for the entry of this Order; and therefore,

**IT IS HEREBY ORDERED** that the following rules and procedures shall govern the disclosure of Confidential Information contained or referred to in documents produced by the Parties or by non-parties in the course of discovery and trial of this action, as well as transcripts and documents marked as exhibits or otherwise utilized in depositions, hearings, or trial of this action that contain or refer to Confidential Information.

1. This Order does not confer blanket protection on all disclosures or discovery. This Order affords protection only to the information or items that are entitled to be treated as confidential under the terms of this Order. Furthermore, neither this Order nor any confidentiality designation made pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. This Order is intended to facilitate the prompt production of

discovery materials. No determination is being made by the Court at this time that any material designated by any party or third-party as Confidential Information for protection under this Order is confidential or entitled to protection. Such issues are reserved and will be ruled upon separately from this Order and following applicable notice and hearing provisions. This Order merely provides a framework for the parties to claim such materials as confidential to preserve their right to seek protection of these documents as confidential and/or propriety information, and to preserve such issues for ruling until each party may prepare their appropriate arguments on these issues.

2. Any party or non-party may designate as "CONFIDENTIAL" or "SUBJECT TO CONFIDENTIALITY ORDER":

a. any document, including photographs, drawings, films, videotapes, or other writings, which contain 1) trade secrets; 2) unpublished financial data, research, technological or business developments; 3) confidential business information; and 4) other similar commercially sensitive, or proprietary information of a non-public nature; which the Designating party believes is not generally known to its competitors and the release of which would cause it competitive harm, or personal employment or financial information; individually identifiable health information as defined by the Health Insurance Portability and Accountability Act of 1996 not heretofore publicly disclosed, or other information for which a good-faith claim for protection can be made

under the Federal Rules of Civil Procedure or other applicable law, including the laws of a foreign sovereign (collectively, "Confidential Information").

b. any transcripts of testimony from trials or depositions or affidavits, and any documents marked as exhibits or otherwise utilized in depositions, hearings, or trial of this action that contain or refer to Confidential Information that the party or non-party may be in good faith claim a need for protection under the terms of this Order.

3. To designate Confidential Information for protection under this Order, the party or non-party seeking the protection of this Order (the "Designating Party") shall:

a. mark each page of a document containing Confidential Information as "CONFIDENTIAL" or "SUBJECT TO CONFIDENTIALITY ORDER" (the "Confidential Designation"). If the document is produced in native format, such as an excel spread sheet, then the party shall take reasonable steps to mark the file with the Confidential Designation or provide the receiving parties with written notice that it is to be treated as confidential under this Order; and

b. state on the record during a deposition or provide written notice to the parties and the court reporter within 15 calendar days following receipt of the deposition transcript the specific pages and lines of the transcript that are to be treated as Confidential Information, in which

case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Designating Party. During the 15-calendar day review period, deposition transcripts and any video recordings of a deposition shall be treated as Confidential Information unless the parties waive this requirement in writing. Further, any Confidential Designations made to a deposition transcript shall also apply to an accompanying video recording.

4. The Designating Party shall have the right to exclude from the deposition all persons other than those persons qualified to receive Confidential Information pursuant to paragraph 7 of this Order, during the period when a witness is being examined regarding Confidential Information.

5. The burden of proving the confidential nature of designated information is on the Designating Party. Prior to designating any material as "Confidential Information" and subject to this Protective Order, the Designating Party must make a bona fide determination that the material is, in fact, confidential, the dissemination of which would significantly damage the Designating Party's competitive position or impact the privacy rights of third-parties. The designation of material for protection under this Order shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information.

6. In the event that any party disagrees with any designation made under this Order, then that that party may bring it to the attention of the designating party within a reasonable time after discovering their disagreement. The parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The Designating Party shall have the right to move the Court for a Protective Order in order to retain the designated status of such materials. If the Designating Party files such a motion within the fifteen-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the Designating Party's designation, until the Court has ruled on the Designating Party's motion or the time to appeal has elapsed.

7. Confidential Information marked or otherwise appropriately marked with Confidential Designation shall be made available only to the following persons when reasonably required in connection with their duties relating to this action:

a. Attorneys of record in this action and their partners or associate attorneys;

b. Any persons regularly employed by such attorneys or their firms, (including contract staff, copying services or other

administrative support) when working on this case under the direct supervision of partners or associates of these firms;

c. Any expert, consultant, or similar person who has been consulted, or who has been retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action; and the employees of such experts, consultants or similar persons when working on this case under the direct supervision of these persons; provided that no disclosure shall be made to any expert or consultant who is presently employed, either full time or as a consultant, by a competitor of BATO;

d. The Court, Courthouse personnel, witnesses, and the jury, as required at any hearing or at the trial of this case;

e. Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony or hearings in this case; and

f. The named Parties in this litigation; and

g. Any other person under such terms and conditions as the Parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

8. Confidential Information subject to protection under this Order shall be used solely in connection with the preparation and trial of this lawsuit or as otherwise provided herein.

9. No Confidential Information subject to protection under this Order shall be made or furnished or disclosed to any person, firm, or corporation except

those identified in this Order, without the prior written consent of the party to whom the records apply or its attorneys of record in this case.

10. Before disclosing any Confidential Information subject to protection under this Order to the persons listed in 7(c) or (g) above, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of Confidential Information to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigations, the parties shall forward to counsel for the Designated Party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of Confidential Information; however, with regarding to consultants(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

11. Confidential Information may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions in this case, provided that before disclosing Confidential Information to a deponent, the attorney making the disclosure shall advise the deponent that, pursuant to this Order, the deponent may not divulge any Confidential Information to any other person, firm or corporation, except as otherwise provided in this Order. The deponent shall then be required to view the Order and agree to be bound by its terms by executing a copy of Exhibit A. If the Deponent is first shown Confidential

Information during a deposition, it shall be sufficient for the deponent to signify on the record the deponent's agreement to be bound by the terms of this Order.

12. If a party wishes to use any Confidential Information, or any papers containing or revealing the nature of the contents of such Confidential Information, in any pleading or document filed with the Court in this case, that party shall file a motion seeking leave to file the Confidential Information under seal. References to information noted with the CONFIDENTIAL Designation in motions, briefs, or other pleadings that do not reveal the nature of the Confidential Information need not be sealed.

13. Nothing in this Order shall:

a. Limit any party in the introduction of Confidential Information into evidence, subject to the Designating Party's right to seek further protection from the Court;

b. Preclude a party from seeking such additional protection with regard to the confidentiality of documents or information as that party may deem appropriate; nor

c. Prevent a party from objecting to discovery that it believes to be improper, including objections based upon the highly sensitive confidential or proprietary nature of the documents or information requested.

d. This Order shall not apply to the disclosure of Confidential Information or the information contained therein at the time of trial, through

the receipt of protected documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion to any party at the time of trial or evidentiary hearing.

14. The inadvertent production of any Confidential Information during discovery in this action without marking it with a Confidential Designation shall be without prejudice to any claim that such material is Confidential Information protected by this Order, and no party shall be held to have waived any rights with respect to such inadvertent production. Likewise, the inadvertent production of documents or information that is protected by the attorney-client privilege, work product doctrine or any other legally cognizable privilege or evidentiary protection, shall be without prejudice to any claim that such material is Confidential Information protected by this Order, and no party shall be held to have waived any rights with respect to such inadvertent production.

15. Pursuant to Federal Rule of Evidence and Federal Rule of Civil Procedure, the attorney-client privilege, work-product protection, or other legally cognizable privilege or protection is not waived by unintentional disclosure or production in this case. Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition or hearing, the receiving party must promptly return, sequester, or destroy the specified document and any hard copies the receiving party has and may not use or disclose

the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester and/or redact such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved. Return or destruction of the privileged documents, things, material, or information by the receiving party shall not constitute an admission or concession, or permit an inference that the returned documents, things, materials or information are, in fact, properly subject to a claim of any privilege or work product protection, nor shall it preclude the receiving party from moving the Court for an order that such documents, things, materials, or information have been improperly designated as privileged or should be produced for reasons other than waiver caused by the inadvertent disclosure.

16. Final termination of this action, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure of Confidential Information imposed by this Order. Within thirty (30) days of final termination of this case, counsel of record for each party in this case, and any person who has

received copies of Confidential Information in the course of this litigation, shall destroy such records and provide written certification that all copies have been destroyed.

17. If any person receiving Confidential Information covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigation demand (collectively, "Third-party Document Request') issued in any action, investigation, or proceeding, and such Third-Party Document Request seeks material that was produced or designated as Confidential Material by someone other than the receiving party, the receiving party shall give prompt written notice to the Designating Party within five business days following receipt of the Third-Party Document Request. The burden of opposing or seeking an order protecting the confidentiality of material subject to the Third-Party Document Request shall fall on the Designating Party.

18. The Court retains jurisdiction to enforce this Order. Any violation of this Order by any party subject to its terms as described above may be sanctionable as contempt of the Court.

DATED February 24, 2021.

Thomas O. Rice
THOMAS O. RICE
United States District Judge