1

2

3

4

5                 UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   MARSHA ROARK, a Washington
    resident,                                NO. 2:20-CV-0053-TOR
8
                           Plaintiff,        ORDER DENYING DEFENDANT
9                                            SHANDONG YONGSHENG
          v.                                 RUBBER COMPANY, LTD.'S
10                                           MOTION TO DISMISS
    BRIDGESTONE AMERICAS TIRE
11  OPERATIONS, L.L.C., a Foreign
    Liability Corporation; SHANDONG
12  YONGSHENG RUBBER CO., LTD,
    a Foreign Corporation;
13  BRIDGESTONE RETAIL
    OPERATIONS, L.L.C., a Foreign
14  Liability Corporation; DEL-NAT
    TIRE CORPORATION, a Foreign
15  Corporation; DEL-NAT IMPORT
    EXPORT COMPANY, a Foreign
16  Corporation; TBC CORPORATION
    d/b/a TBC-TIRE AND BATTERY
17  CORP., a Foreign Corporation; and
    ITG VOMA CORP., a Foreign
18  Corporation,

19                          Defendants.

20

    ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER
    COMPANY, LTD.'S MOTION TO DISMISS ~ 1

1    BEFORE THE COURT is Defendant Shandong Yongsheng Rubber

2   Company, Ltd.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (ECF No.

3   31).  This matter was submitted for consideration without oral argument.  The

4   Court has reviewed the record and files herein, the completed briefing and is fully

5   informed.  For the reasons discussed below, Defendant Shandong Yongsheng

6   Rubber Company, Ltd.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)

7   (ECF No. 31) is **DENIED**.

8                              **BACKGROUND**

9    This products liability case concerns a car accident allegedly caused by a

10  defective tire.  ECF No. 15.  Plaintiff Marsha Roark is a Washington resident.

11  ECF No. 15 at 2, ¶ 1.  Defendant Shandong Yongsheng Rubber Co. Ltd.

12  ("Shandong") is a foreign corporation with its principal place of business at

13  Guangrao Economic Development Zone, Dongying Shandong, The People's

14  Republic of China 257300.  ECF No. 15 at 3, ¶ 3.

15    On February 6, 2020, Plaintiff filed a Complaint for damages.  ECF No. 1.

16  On June 4, 2020, the court granted the parties' Stipulated Motion to Amend

17  Complaint and Expedite.  ECF No. 14.  That same day, Plaintiff filed her Amended

18  Complaint naming Shandong as a Defendant.  ECF No. 15.

19    On November 23, 2020, Shandong filed the pending Motion to Dismiss for

20  lack of personal jurisdiction.  ECF No. 31.  On November 30, 2020, Plaintiff filed

1   the Motion to Continue in order to obtain jurisdictional discovery.  ECF No. 32.

2   On December 11, 2020, the Court granted Plaintiff's Motion to Continue in order

3   for the parties to conduct jurisdictional discovery.

4        The parties engaged in jurisdictional discovery and the relevant facts are

5   before this Court for the pending Motion to Dismiss.  The parties timely filed their

6   respective response and reply.  ECF Nos. 48, 52.

7                      **FACTS**[1]

8        On November 11, 2010, Shandong entered into a Supply Agreement with

9   Defendants Bridgestone Americas Tire Operations, LLC ("BATO") and ITG

10   Voma Corp. ("ITG Voma").  *See* ECF No. 49-1.  Shandong agreed to manufacture

11   tires that "meet all requirements of the U.S. Department of Transportation (DOT)

12   or other government agency (Regulatory Requirements) in the Markets sold,

13   including but not limited to FMVSS 139, 574 and 575 and that they meet or exceed

14   the performance characteristics of the Sample Tires."  ECF No. 49-1 at 16, ¶ 21.

15   Once Shandong manufactures the tires, ITG Voma imports the tires to the United

16   States to sell to BATO.  ECF No. 49-1 at 2.  Under this agreement, Shandong

17   designed and manufactured over 110,000 Fuzion Touring P185/65R16 Tires,

18

19   [1]     The following facts are drawn from Plaintiff's First Amended Complaint

20   and the parties' jurisdictional discovery.  ECF Nos. 15, 49-51.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER
COMPANY, LTD.'S MOTION TO DISMISS ~ 3

including the subject tire, which were imported by ITG Voma and sold to BATO. ECF No. 50 at 2-3.

Between March 26, 2012 and February 24, 2014, BATO sold 372 Fuzion brand tires, including the subject tire, to Northwest Automotive Center, LLC, a Washington corporation. ECF No. 51 at 2-13. From July 7, 2013 through January 31, 2014, Shandong made two shipments of tires to the port of Seattle in Washington State with various consignees. ECF No. 49-4 at 9-11. During that same time period, Shandong made approximately 27 other shipments of tires to Washington State through third-party importers. *See* ECF No. 49-4. Between January 1, 2008, through November 11, 2020, Shandong made over 200 shipments of tires to Washington to the ports in Seattle and Tacoma. *Id.*

On or about the week of July 7, 2013, Shandong manufactured the subject tire. ECF No. 15 at 2-3, 6, ¶¶ 3, 13; ECF No. 48 at 5. The subject tire was shipped from Shandong to the United States, where ITG Voma sold it to BATO. ECF No. 49-5 at 5-6, ¶ 2. BATO sold the subject tire to Northwest Automotive Centers, a tire retailer, in Spokane, Washington. ECF No. 48 at 5. Northwest Automotive Center sold the subject tire to Stacy Sowers, a Washington resident. ECF No. 49-6. The subject tire remained mounted to the subject vehicle until the time of the motor vehicle accident. ECF No. 48 at 5.

On or about June 20, 2017, Plaintiff Marsha Roark purchased a used 2001 Dodge Neon with four Fuzion Touring P185/65R14 tires from Rikki Bobbi Auto Sales in Washington, including the subject tire. ECF No. 15 at 6, ¶ 17. On June 24, 2017, Plaintiff was injured in a motor vehicle accident in Whitman County, Washington, which was allegedly caused by a defect in the subject tire mounted in the driver's left front wheel position. ECF No. 15 at 6-7, ¶ 18.

## DISCUSSION

### A.    Motion to Dismiss Standard

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). In opposing such a motion, the plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2008). When the motion is "based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). To satisfy this standard, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quotation and citation omitted). In determining whether a plaintiff has made the

1  requisite showing, a court must accept all uncontroverted allegations in the

2  complaint as true and resolve any factual disputes in the Plaintiff's favor.  *Id.*

3  ### B. Personal Jurisdiction

4  Personal jurisdiction refers to a court's power to render a valid and

5  enforceable judgment against a particular defendant.  *World-Wide Volkswagen*

6  *Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *S.E.C. v. Ross*, 504 F.3d 1130, 1138

7  (9th Cir. 2007).  Personal jurisdiction in federal courts is determined by the law of

8  the state in which it sits.  *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015).

9  Washington State law permits personal jurisdiction over defendants to the full

10 extent permitted by the Due Process Clause of the U.S. Constitution.  *Shute v.*

11 *Carnival Cruise Lines,* 113 Wash. 2d 763, 766-67 (1989).  Under the Due Process

12 Clause, a court may exercise personal jurisdiction over a defendant only where "the

13 defendant ha[s] certain minimum contacts with the forum state such that the

14 maintenance of the suit does not offend traditional notions of fair play and

15 substantial justice."  *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting

16 *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)) (internal quotation marks

17 omitted).

18 Personal jurisdiction over a non-resident defendant may take two forms:

19 general jurisdiction or specific jurisdiction.  *Ranza*, 793 F.3d at 1068.  General

20 jurisdiction requires connections with the forum "so continuous and systematic as

to render the foreign corporation essentially at home in the forum State." *Id.* at 1069 (internal citation and quotation omitted).[2]  Specific jurisdiction, by contrast, may only be exercised "when a case aris[es] out of or relate[s] to the defendant's contacts with the forum." *Id.* at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

The Court must utilize the following three-prong test to determine whether specific jurisdiction has been established:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo*, 647 F.3d at 1227-28 (9th Cir. 2011) (quotation and citations omitted).  The plaintiff bears the burden on the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).  If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would

---

[2]    General jurisdiction is not at issue as Plaintiff only asserts specific jurisdiction.  ECF No. 48 at 6.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 7

not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### 1. *Purposeful Availment*

Plaintiff asserts that "Shandong has placed hundreds of thousands of tires in the U.S. with the expectation and knowledge that a substantial amount would be delivered to and used in Washington State." ECF No. 48 at 9. Defendant asserts that Plaintiff failed to offer any evidence of purposeful availment following jurisdictional discovery. ECF No. 52 at 2-3.

The Ninth Circuit applies the purposeful availment test rather than purposeful direction test in products liability cases. *See Marvix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). As the Supreme Court emphasized, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (internal citation omitted). The rationale is that a party has "availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King*, 471 U.S. at 476. The jurisdictional inquiry looks to "where the contacts proximately result from actions

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 8

by the defendant *himself* that create a 'substantial connection' within the forum State." *Id.* at 475. This is because:

> Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.

*Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citation omitted). In other words, the defendant's relationship with the state must be analyzed with regard to the defendant's deliberate, purposeful, and affirmative contacts with the forum itself, not with persons residing there. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citing *Int'l Shoe*, 326 U.S. at 319). Stated plainly, "[t]he plaintiff cannot be the only link between the defendant and the forum." *Id.* This limit on the Court's jurisdiction "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (internal citations and quotation marks omitted); *Picot*, 780 F.3d at 1212 (contacts that are merely "random, fortuitous, or attenuated" are not sufficient for establishing jurisdiction).

In stream-of-commerce cases, "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 9

1   state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir.

2   2007) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)).

3   "Even a defendant's awareness that the stream of commerce may or will sweep the

4   product into the forum state does not convert the mere act of placing the product

5   into the stream of commerce into an act purposefully directed toward the forum

6   state." *Id.*  Where a manufacturer takes no affirmative action to send its product to

7   a certain locale, either directly or through a distribution agreement, jurisdiction is

8   not proper. *See id.*

9       The heart of this issue is the supply agreement.  The supply agreement was

10  created among Defendants Bridgestone, ITG Voma, and Shandong to manufacture,

11  distribute, and sell tires in markets that include the United States.  *See* ECF No. 49-

12  1.  Shandong manufactured the tires, ITG Voma imported the tires, and BATO

13  sold and distributed the tires to independent tire dealers in the United States.  *Id.*

14  This agreement indicates that ITG Voma and Shandong entered into a separate

15  agreement "pursuant to which [Shandong] will supply tires to meet orders placed

16  by BATO with [ITG Voma]."[3]  ECF No. 49-1 at 2.  Each month, "BATO will

17  provide [ITG Voma] a rolling forecast ("Monthly Forecast") of the quantities of

18

19  [3]      The separate agreement between ITG Voma and Shandong is not before the

20  Court.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER
COMPANY, LTD.'S MOTION TO DISMISS ~ 10

Products, by SKU number and "ship to" locations, that BATO anticipates ordering in each month." ECF No. 49-1 at 4, ¶ 4.3. Then "[o]nce pricing and volume are agreed, purchase orders are issued to [Shandong]." ECF No. 49-5 at 9, ¶ 11.

Shandong claims it is shielded from any purposeful availment because the other co-defendants in the supply agreement are responsible for importing and distributing Shandong's tires into Washington State. ECF No. 52 at 2. In support of its argument, Shandong relies on an affidavit that denies it has any connection to Washington. *See* ECF No. 34. Of note, Shandong's General Manager claims the following:

> Shandong manufactures tires pursuant to a supply agreement. The tires are manufactured pursuant to the supply agreement and are manufactured in the People's Republic of China. The tires are tendered FOB in China. The tire that is made the basis of this litigation would have been delivered FOB China. Shandong did not deliver the tire to the United States. Shandong did not play any r[o]le in the importation of the tire to the State of Washington. When the tires left China, they were on board a ship to a destination not determined by Shandong. Shandong had no knowledge that the specific tire in question was going to be distributed in the State of Washington.

ECF No. 34 at 13, ¶ 12.

Contrary to Shandong's assertion that it tendered the tires Free on Board ("FOB") in China, the supply agreement states: "The Products shall be shipped [delivered duty paid] to the location designated by BATO and [ITG-VOMA] and [Shandong] shall bear all risk of loss on Products until they are physically received

at BATO's designated "ship-to" location, at which time title and risk of loss shall transfer to BATO.  Delivery of Products shall not be deemed complete until they have actually been received and inspected at BATO's delivery destination."[4]   ECF No. 49-1 at 7, ¶ 9.  Moreover, port logs list Shandong as the "Shipper" from the foreign ports in China to ports in Seattle and Tacoma within Washington State with various consignees.  *See* ECF No. 49-4.

Additionally, Shandong was manufacturing tires to conform to state and federal law in the United States, including Washington.  *See* ECF No. 49-1 at 16, ¶ 21 ("[Shandong] will ensure that the Products meet all the requirements of the U.S. Department of Transportation ("DOT") or other governmental agency ("Regulatory Requirements") in the Markets [e.g. United States] where the Products are sold."); ECF No. 49-1 at 18, ¶ 29 ("[ITG Voma] and [Shandong] warrant that all Products supplied pursuant to the Agreement shall have been produced and supplied in compliance with all federal, state, provincial, and local laws, orders, rules and regulations ("Legal Requirements") that are applicable to their activities under the Agreement …. [ITG Voma] and [Shandong] further represent and warrant that the Products shall comply with all laws of the Market in

---

[4]      To the extent the facts are in dispute, those disputes are resolved in Plaintiff's favor.  *Harris Rutsky*, 328 F.3d at 1129.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 12

which they are being sold that pertain to the Product, including, but not limited to Product marking and performance."). ECF No. 49-1 at 18, ¶ 29.

That Shandong's tires were sent to Washington ports and distributed to Washington retailers and consumers is not based on "random, fortuitous, or attenuated" contacts or solely "the unilateral activity of another party." *Burger King*, 471 U.S. at 475. Shandong was responsible for fulfilling purchase orders for shipment to Washington, bore risk of loss to shipping destinations including Washington, and was designated as the "Shipper" on Washington port logs. *See* ECF No. 49-1; ECF No. 49-4. Moreover, Shandong designed tires to comply with local, state, and federal law, including Washington, which invokes the benefits and protection of Washington's laws by availing itself of the privilege of conducting business within the forum. *Mavrix Photo*, 647 F.3d at 1228. Plaintiff has demonstrated "something more" than Shandong merely placing a product into the stream of commerce. *Holland*, 485 F.3d at 459. As a result, Plaintiff has satisfied the first prong of the specific jurisdiction analysis.

### 2. *Claim Arises Out of Forum Contact*

Plaintiff asserts that this lawsuit arises out of Shandong's importation of tires through Washington's ports. ECF No. 48 at 9-10. Shandong asserts that there is no direct nexus between Shandong's tires and Plaintiff's injury because "Shandong did not import tires." ECF No. 52 at 4.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 13

The action must arise out of or relate to the defendant's forum-related activities. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). An action arises out of contacts with the forum if, "but for" those contacts, the cause would not have arisen. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 384 (9th Cir.1990), *rev'd on other grounds* 499 U.S. 585 (1991).

Here, the tire at issue was manufactured by Shandong. ECF No. 49-5 at 13, ¶ 19. Plaintiff asserts it was manufactured on or about the week of July 7, 2013, then imported, distributed, and sold in Washington. ECF No. 48 at 5; ECF No. 49-4. Outside of the subject tire, Washington ports have received over 200 shipments of tires manufactured by Shandong between 2008 and 2020. ECF No. 48 at 10 (citing 49-4). These allegations are sufficient to demonstrate that but for Shandong's role in the supply agreement, the subject tire at issue would not have caused the injury alleged and/or the case relates to Defendant's forum-related activities. As a result, Plaintiff has satisfied the second prong of the specific jurisdiction analysis.

The Court finds that Shandong delivered tires into the stream of commerce, was involved in shipping the tires to Washington ports, and has taken steps for creating tires compliant with state and federal law to arrive in Washington pursuant to the supply agreement. The subject tire that was allegedly the but-for cause of Plaintiff's injury was manufactured, imported, distributed, and sold in Washington

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 14

pursuant to the same supply agreement.  Accordingly, Plaintiff has carried her burden of producing evidence to support a prima facie case for personal jurisdiction.

### 3.  Reasonableness Considerations

Plaintiff asserts that the exercise of jurisdiction in this forum is reasonable. ECF No. 48 at 10-13.  Shandong does not substantively address the reasonableness of jurisdiction on the grounds that Plaintiff has failed to satisfy her burden on the first two prongs.  ECF No. 52 at 7.

If Plaintiff has satisfied the first two prongs of the specific jurisdiction test, the burden shifts to Defendant to "'present a compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process." *CollegeSource*, 653 F.3d at 1079 (9th Cir. 2011) (quoting *Burger King*, 471 U.S. at 477–78)).  Courts in the Ninth Circuit consider seven factors in determining if the exercise of jurisdiction is reasonable:

> (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER COMPANY, LTD.'S MOTION TO DISMISS ~ 15

*Id.* (quoting *Dole Food Co., Inc., v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002)).

Plaintiff asserts that (1) Shandong purposefully placed at a minimum 110,000 tires in the U.S. market where a substantial amount where shipped and purchased in Washington, including the subject tire, (2) Shandong cannot establish it faces an unreasonable burden to litigate in Washington where it contractually agreed to litigate in Tennessee, (3) jurisdiction does not conflict with the sovereignty of China, (4) Washington's interest in adjudicating the dispute is great, (5) Washington is the most efficient forum for this case, (6) Plaintiff's ability to obtain effective relief would be jeopardized if she cannot litigate in Washington, and (7) the Court need not address China as an alternative forum because Washington is a reasonable forum.  ECF No. 48 at 11-13.

The Court finds that Shandong has failed to present a compelling case that the exercise of jurisdiction would be unreasonable where Shandong utterly fails to address the considerations under the reasonableness prong.  *CollegeSource*, 653 F.3d at 1079.  The Court finds that the exercise of jurisdiction is reasonable considering Plaintiff's arguments and Shandong's lack of argument.  Therefore, the Court may exercise specific jurisdiction over Shandong.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Shandong Yongsheng Rubber Company, Ltd.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (ECF No. 31) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED June 10, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT SHANDONG YONGSHENG RUBBER
COMPANY, LTD.'S MOTION TO DISMISS ~ 17